**NEWMARK, Plaintiff-Appellee, v. KATZ ROTHSTEIN FURNITURE CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23092.  Decided June 23, 1954.

Josephine Feniger, Cleveland, for plaintiff-appellee.
Max B. Katz, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

The Plaintiff's petition states a cause of action seeking damages for an alleged breach in the performance of an executed sale of a suite of bedroom furniture.  It is claimed that the suite was purchased for a total purchase price of $786.00, which price included one hanging mirror.  It is further alleged that the mirror delivered was not the one which was sold to the plaintiff as a part of the said suite of furniture.

Plaintiff does not allege that by virtue of such breach of performance he tendered or offered to return to the seller defendant the furniture thus purchased, but it is clear from the record that the furniture is still in plaintiff's possession.

There is some claim that the mirror was tendered back but was coupled with the demand for delivery of another mirror, which demand was refused by defendant on the ground that it was not a part of the original sale.

If it be established, therefore, that the mirror delivered was not the one purchased as a part of the bedroom suite, and that all of the pieces

of furniture composing the bedroom suite were the subject of a single sale, and where the property sold is retained by the purchaser and the purchase price paid in full, then the measure of damages for failure to deliver the mirror would be the difference between the purchase price of all the furniture and the value that it would have without the mirror.

If the mirror delivered was not, in fact, the one purchased and the plaintiff refused to receive it as a part of the bedroom suite which he purchased, then the property in such mirror, that is the ownership thereof, would still be in the defendant.

The judgment is therefore reversed for error of law in applying an improper measure of damages, and the cause is remanded for further proceedings. Exceptions. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.